UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA LEE IRWIN KEISER,<br><br>Petitioner,<br><br>vs.<br><br>SOUTH DAKOTA BOARD OF PARDONS AND PAROLES, AMBER PIRRAGLIA, ACTING WARDEN OF THE SOUTH DAKOTA STATE PENITENTIARY; AND THE ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 4:24-CV-04213-RAL<br><br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN FULL AND DISMISSING PETITIONER'S PETITION WITHOUT PREJUDICE |

Petitioner Joshua Lee Irwin Keiser filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 challenging his prolonged detention while awaiting his state parole revocation proceedings. Doc. 1. Keiser's petition alleged he had been detained over 100 days without legal representation for the pending revocation hearing, depriving him of due process. Id. at 3.

The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designates to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. Magistrate Judge Veronica L. Duffy screened the petition and issued a Report and Recommendation that Keiser's § 2254 petition be dismissed without prejudice because during the pendency of this case he was appointed counsel and his parole revocation

1

hearing was held before the South Dakota Board of Pardons and Paroles on December 30, 2024. See Doc. 12.

Keiser did not file any objections to the Report and Recommendation but instead filed a supplement, Doc. 11, prior to issuance of the Report and Recommendation conceding that because the relief he ultimately sought through this petition had occurred, this action is now moot. Id. at 1. He then stated he "has no objection to the dismissal of this action." Id. By not objecting, Keiser "waived his right to de novo review by the district court of any portion of the [Report and Recommendation] of the magistrate judge." United States v. McArthur, 573 F.3d 608, 613 (8th Cir. 2009). Accordingly, this Court reviews the Report and Recommendation under the clearly erroneous standard of review. See Grinder v. Gammon, 73 F.3d 793, 795 (8th Cir. 1996) (noting that absent timely objections, district courts "only have to review the findings of the magistrate judge for clear error").

Upon review, this Court Adopts the Report and Recommendation in full. Because Keiser obtained counsel and his parole revocation hearing took place, his petition is moot. Keiser requests, however, "that this matter be dismissed without prejudice, so that Petitioner can appeal the parole revocation to the South Dakota Circuit Court and State Supreme Court, if necessary." Doc. 11 at 1. Because Keiser's claims have not been adjudicated on the merits, he will not be barred from bring a later suit. McCarney v. Ford Motor Co., 657 F.2d 230, 233 (8th Cir. 1981) ("A dismissal based on [standing, mootness, or ripeness], which are quasi-jurisdictional, does not preclude a second action on the same claim if the justiciability problem can be overcome.").

When, as here, a district court denies a § 2254 motion, the movant may not appeal without a certificate of appealability. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). District courts cannot issue a certificate of appealability unless the movant makes a "substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" means a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This Court declines to issue a certificate of appealability because Keiser has not made a substantial showing of the denial of a constitutional right. Therefore, it is

ORDERED that the Magistrate Judge's Report and Recommendation, Doc. 12, is adopted in full. It is further

ORDERED that Respondents' Motion to Dismiss, Doc. 8, is granted and that Keiser's habeas petition, Doc. 1, is dismissed without prejudice to refiling.

DATED this 26th day of March, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE